UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ALPHONSO MUHAMMAD,

    Plaintiff,

vs.

RELAX SAUNAS OF MOMENTUM, INC.;
RELAX SAUNAS OF MOMENTUM; RELAX
SAUNA OF MOMENTUM98, LLC; RELAX
SAUNA OF MOMENTUM98; and, RELAX
SAUNA,

    Defendants.

Civil Action No.: 2:21-cv-1717

## PLAINTIFF'S COMPLAINT

AND NOW, comes the Plaintiff, Alphonso Muhammad, by and through his undersigned counsel, Mark D. Troyan, Esquire; Ryan P. Agostoni, Esquire; and the law firm of Robert Peirce & Associates, P.C., and claims damages of the Defendants, Relax Saunas of Momentum, Inc., Relax Saunas of Momentum, Relax Saunas of Momentum98, LLC., Relax Sauna of Momentum98, and Relax Saunas, upon causes of action, the following which are statements:

### PARTIES

1. Plaintiff Alphonso Muhammad is an adult individual who resides at 635 Waterfront Drive East, Apartment 5313, Munhall, Allegheny County, Pennsylvania 15120.

2. Defendant Relax Saunas of Momentum, Inc., is an Ohio corporation with a primary place of business located at 580 E. North Broadway, Columbus, Ohio 43214.

3. Defendant Relax Saunas of Momentum is an Ohio corporation with a primary place of business located at 580 E. North Broadway, Columbus, Ohio 43214.

4. Defendant Relax Saunas of Momentum98, LLC., is an Ohio corporation with a primary place of business located at 3509 North High Street, Columbus, Ohio 43214.

5. Defendant Relax Saunas of Momentum98, is an Ohio corporation with a primary place of business located at 3509 North High Street, Columbus, Ohio 43214.

6. Defendant Relax Sauna is an Ohio corporation with a primary place of business located at 580 E. North Broadway. Columbus, Ohio 43214.

7. Defendants will hereinafter collectively be referred to as "Relax Sauna."

8. At all times relevant hereto, Defendants Relax Sauna were engaged in the business of manufacturing, selling, designing, fabricating, marketing, and distributing Infrared Saunas, including the Infrared Sauna involved in the accident that is subject of this lawsuit.

9. At all times relevant hereto, Defendants Relax Saunas acted independently and by and through its agents, servants, and/or employees, who were then and there acting within the course and scope of their employment.

**JURSIDICTION AND VENUE**

10. This court has jurisdiction over this matter under 28 U.S.C. § 1332.

11. This court has venue under 28 U.S.C. § 1391(b)(2).

**Facts Common to All Causes of Action**

12. Full Body balance (hereinafter "Full Body") is a wellness store that works with negative ion treatment and other services, including a Himalayan salt cave and infrared sauna therapy sauna booths.

13. The infrared sauna is a small sauna booth-like object manufactured by Defendants Relax Sauna. It is designed for the patron to sit in as it heats up to cause sweating.

14. The sauna booth has a heating element that uses infrared, which increases the temperature in the sauna booth to illicit enough heat to cause the patron to sweat.

15. The sauna booth is a single piece of equipment, which unzips, and a chair is placed in for a user to sit on.

16. The sauna booth is then zipped shut and is turned on, which begins the heating process.

17. On November 29, 2019, Mr. Muhammad paid to use one of the aforementioned sauna booths at Full Body.

18. Mr. Muhammad's shoes were on while using the sauna booth, but he still experienced extreme heat on the tops of his feet that resulted in burns.

19. Mr. Muhammad only sat in the sauna booth for the recommended amount of time, which is 30 minutes.

20. While in the sauna booth manufactured by Defendants Relax Sauna, Mr. Muhammed suffered burns to the top of his feet.

21. After using the sauna booth, Mr. Muhammad went home and noticed that he was experiencing pain on the tops of his feet.

22. Mr. Muhammad took off his shoes and discovered that his feet had burn blisters on the tops while at home.

23. Mr. Muhammad made an appointment with his primary care physician at South Hills Family Medicine on December 12, 2019.

24. A doctor at Hills Family Medicine prescribed Mr. Muhammad Keflex for ten days and Silvadene in which he was to apply daily on his burns.

25. Mr. Muhammad's feet continued to blister and did not improve with the use of the prescribed medication.

26. Mr. Muhammad's primary care physician instructed him to attend wound care for his injuries.

27. On December 16, 2019, Mr. Muhammad obtained wound care at Jefferson Wound Care Center.

28. At Jefferson Wound Care Center, Mr. Muhammad's wounds were dressed in santyl adaptic 4x4's and covered in gauze.

29. Subsequently, Mr. Muhammad required dressing changes and increased medication to cope with the pain associated with the burns he received from using the sauna booth at Full Body.

30. Currently, Mr. Mohammad continues to suffer from the effects of the incident.

## COUNT I

### Alphonso Muhammad v. All Defendants

### STRICT LIABILITY

31. All preceding paragraphs of this complaint are incorporated herein, as if set forth more fully at length.

32. Defendants Relax Sauna, at all relevant times, engaged in the manufacturing, selling, installation, design, fabrication, marketing, and distribution of sauna booths, including the sauna booth that is the subject of this lawsuit.

33. Upon information and belief, the defective nature of the sauna booth, specifically the heating element and heat dispensing part, which defects existed at the time of use which caused the injuries suffered to Mr. Muhammed.

34. Mr. Muhammed was an ultimate user or consumer of the sauna booth.

35. The sauna reached Mr. Muhammed without change in the condition in which it was designed, manufactured, or sold reached Ms. Muhammed in a condition that was or should have been foreseeable to Defendants Relax Sauna.

36. Mr. Muhammed was an intended user of the sauna booth and used the sauna booth in an intended and foreseeable manner.

37. The defective condition of the sauna booth rendered it unreasonably dangerous for consumers, especially considering those users are unaware of the danger it posed.

38. The foreseeable risks of the sauna booth as designed, marketed and sold exceeded its benefits.

39. Due to the sauna booth's design and/or manufacturing, specifically the heating element and heat dispensing part, the sauna posed an unknowable and unacceptable danger to the average or ordinary consumer, such as Mr. Muhammed.

40. Defendants failed to properly and adequately warn Mr. Muhammed of the dangerous nature of the sauna booth, specifically the heating element.

41. While the sauna booth was able to handle moisture, and designed to be used as a chair, Defendants Relax Sauna failed to design the sauna booth in a way that would not injure the user if the heating element malfunctioned.

42. Relax Sauna failed to design/ manufacture the sauna booth in a way that would ensure that the sauna booth would not malfunction during its intended use.

43. Defendants Relax Sauna failed to design an emergency feature that would activate when something malfunctioned on the sauna booth.

44. Relax Sauna failed to ensure that all products they manufactured and sold would not pose a threat to their consumer, such as Mr. Muhammed.

45. Relax Sauna failed to ensure that all of its sauna booths worked as they were intended to do so.

46. Additionally, a reasonable person would conclude that the probability and seriousness of harm caused by the sauna booth, specifically the heating element and heat dispensing part, outweigh the burden of costs of taking precautions.

47. Feasible alternative designs existed to prevent the sauna booth from burning its user, including having sufficient room between the user's person and the heat dispensing part of the sauna booth.

48. As a result of the above defects in the sauna booth, Defendants Relax Saunas' conduct was a factual cause of, and intended directly and proximately caused, Mr. Muhammed's injuries as described above.

49. Mr. Muhammed suffered severe and permanent injuries as a proximate result of the unreasonably dangerous condition of the subject sauna booth.

50. As a direct and proximate result of Defendants' strict liability, Mr. Muhammed has suffered the following damages:

    a. Past, present, and future pain and suffering, inconvenience, embarrassment, and humiliation;

    b. Past and future mental suffering;

    c. Impairment of the ability to enjoy life's pleasures;

    d. Permanent physical impairment; and,

    e. past and future costs and expenses for medical care, various therapeutic treatments, medications, and home healthcare.

WHEREFORE, Plaintiff, Alphonso Muhammad, demands compensatory damages from the Defendants, Relax Saunas of Momentum, Inc.; Relax Saunas of Momentum; Relax Saunas of Momentum98, LLC.; Relax Sauna of Momentum98; and Relax Saunas, in an amount in excess of $75,000.00, together with interests, costs of suit, and any other relief that this Honorable Court deems appropriate, to recover which this suit is brought.

## COUNT II

### Alphonso Muhammad vs. All Defendants

### **NEGLIGENCE**

51. All preceding paragraphs of this Complaint are incorporated herein, as if set forth more fully at length.

52. Defendants had a duty to Mr. Muhammed not to manufacture, sell, market, design, fabricate and distribute the defective sauna booth, specifically the heating element and the heat dispensing part.

53. Defendants breached their duty of care to Mr. Muhammed and acted negligently in the following manners:

   a. Failed to properly and adequately design and/or manufacture the sauna booth, specifically the heating element and heat dispensing part, to prevent these parts from breaking;

   b. Failing to properly and adequately test the sauna booth, specifically the heating element and heat dispensing part;

   c. Failed to properly and adequately design a safety mechanism to prevent failure of the heating element and heat dispensing part;

   d. In failing to properly and adequately warn and instruct Mr. Muhammed of the dangerous condition and nature of the sauna booth;

   e. In failing to properly and adequately provide protective devices and/or safety features on the sauna booth;

   f. In failing to provide adequate warnings and instructions of the possible risks of using the sauna booth;

   g. In failing to properly and adequately sell, market, label, distribute, and/or supply the sauna booth;

   h. In failing to properly and adequately inspect the sauna booth;

      i.      In allowing the malfunction of the sauna booth during normal and anticipated use; and,

      j.      In failing to provide the sauna booth, specifically the heating element and heat dispensing part, with every element necessary to make it safe for its intended use and without any condition that makes it unsafe for its intended use.

54. As a result of the above negligence, which caused the heating element and dispenser to burn the top of Mr. Muhammed's feet, Defendants' conduct was a factual cause of, and indeed directly and proximately caused, Mr. Muhammed's injuries described above.

55. As a direct and proximate result of Defendants' negligence, Mr. Muhammed suffered the following damages.

    a.    Past, present, and future pain and suffering, inconvenience, embarrassment, and humiliation;

    b.    Past and future mental suffering;

    c.    Impairment of the ability to enjoy life's pleasures;

    d.    Permanent physical impairment; and,

    e.    past and future costs and expenses for medical care, various therapeutic treatments, medications, and home healthcare.

WHEREFORE, Plaintiff, Alphonso Muhammad, demands compensatory damages from the Defendants, Relax Saunas of Momentum, Inc.; Relax Saunas of Momentum; Relax Saunas of Momentum98, LLC.; Relax Sauna of Momentum98; and Relax Saunas, in an amount in excess of $75,000.00, together with interests, costs of suit, and any other relief that this Honorable Court deems appropriate, to recover which this suit is brought.

A JURY TRIAL IS DEMANDED.

Respectfully submitted,

ROBERT PEIRCE & ASSOCIATES, P.C.

By: __/s/ Mark D. Troyan_____
    MARK D. TROYAN, ESQUIRE
    PA 313861
    707 Grant Street, Suite 125
    Pittsburgh, PA 15219
    412-281-7229
    412-281-4229 (fax)
    mtroyan@peircelaw.com
    Counsel for Plaintiff